IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RONALD PARSON,

    Petitioner,

v.                                              CIVIL ACTION NO.: CV214-029

SUZANNE R. HASTINGS, Warden,

    Respondent.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Petitioner Ronald Parson ("Parson") filed Objections.[1] In his Objections, Parson asserts that the Magistrate Judge erred by recommending the dismissal of his petition under Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332 (11th Cir. 2013). The Magistrate Judge did not recommend the dismissal of Parson's petition based on Williams, per se. Rather, the Magistrate Judge recommended that Parson's petition be dismissed because he failed to satisfy the savings clause of 28 U.S.C. § 2255(e). Parson contends that the decision in Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253 (11th Cir. 2013), "misplace[s]" the first condition of Williams. (Doc. No. 14, p. 6). In

---

[1] Parson's co-defendant, Willie Parson, objected to the Magistrate Judge's Report and Recommendation in CV214-37. Ronald Parson's Objections in this case are identical to those Willie Parson filed in CV214-37.

Bryant, the United States Court of Appeals for the Eleventh Circuit stated that, in order for a petitioner to show that his prior § 2255 motion was "inadequate or ineffective to test the legality of his detention," he must establish that:

> (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent . . . had squarely foreclosed [his] claim . . . (2) subsequent to his first § 2255 proceeding, the Supreme Court's decision in Begay [v. United States, 553 U.S. 137 (2008),] as extended by this Court to [the petitioner's] distinct prior conviction, overturned our Circuit precedent that had squarely foreclosed [his] claim; [and] (3) the new rule announced in Begay applies retroactively on collateral review[.]

Bryant, 738 F.3d at 1274. Under Bryant, Parson must establish that the rule announced in any cases upon which he relies applies retroactively to cases on collateral review. Parson has failed to make this showing.

Parson's Objections are **overruled**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Respondent's Motion to Dismiss is **GRANTED**. Parson's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this \_\_\_\_ day of \_\_\_August\_\_\_\_, 2014.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA